NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 31, 2018
Decided June 27, 2018

*Before*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1033

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-cr-177-1 |
| DAVID CLEVELAND MARTIN, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

David Martin was sentenced to 60-months and 72-months imprisonment, respectively, for conspiring to make, utter, and possess counterfeit securities with intent to deceive and possession of a counterfeited security with intent to deceive in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 513 and 2. He was also sentenced to two concurrent three-year terms of supervised release and ordered to pay approximately $36,000 in restitution.

Martin began his terms of supervised release in November 2015. In August 2016, his probation officer submitted a Petition for Warrant for Offender Under Supervision to the district court. In the petition, the officer stated that Martin's whereabouts had been a

mystery since June 20, 2016, when Martin failed to appear for an appointment at the probation office. The officer also alleged Martin used drugs, failed to appear for drug testing, failed to inform the probation office of a change in residence, failed to provide the office with financial information, and engaged in other conduct constituting violations of his supervised-release conditions. The district court issued a warrant for Martin's arrest.

On October 23, 2016, Martin was arrested in Illinois on charges of possession of heroin and possession with intent to distribute. A year later, Martin's probation officer prepared and submitted to the district court a supplemental petition alleging further violations of Martin's supervised-release conditions. The district court ordered a judicial review hearing to consider the allegations.

At the December 20, 2017, hearing, the government informed the court that Martin was stipulating to five of the violations alleged in the supplemental petition: (1) he committed another federal, state, or local crime; (2) he illegally possessed a controlled substance; (3) he unlawfully used a controlled substance; (4) he left the judicial district without permission; and (5) he used alcohol and illegal drugs and associated with drug users and sellers. Martin also stipulated to using drugs as alleged in the first petition. The government specifically noted it was not pursuing the final violation listed in the supplemental petition—the violation of Special Condition 9—which prohibited Martin from associating with persons engaged in criminal activity.   The district court proceeded to question the parties about other alleged violations. Concerning the allegation that Martin had failed to provide financial information, the government acknowledged it was not pursuing that violation outright, but argued those kinds of "administrative violations" were "subsumed" into the violation for leaving the district without permission. The government maintained that if Martin was out of the district and his whereabouts were unknown, then of course he was not submitting reports or keeping his probation officer updated on his location. The Assistant United States Attorney asked Martin's counsel whether that characterization was fair. Martin's counsel replied, "Yeah."

After the parties made their sentencing arguments, the court announced its findings of fact. Despite there being no evidence presented to the court apart from the stipulations, the court included in its findings the following facts to which the parties had not stipulated: Martin failed to report to the probation office within 72 hours of his release from prison; Martin used alcohol on November 22, 2015; Martin moved multiple times without informing the probation office; Martin did not provide the probation

office with requested financial information; Martin did not provide the office with monthly reports and cash-flow statements; Martin failed to appear for a scheduled office appointment; Martin only paid $20 toward his restitution judgment; Martin failed to comply with drug testing; Martin was discovered in possession of heroin, opiate pills, and drug paraphernalia; Martin told authorities he had been distributing samples of heroin for a drug dealer; and finally, Martin was convicted of a controlled-substance offense on May 8, 2017. The court also made conflicting statements about whether it was considering the violation of Special Condition 9 from the supplemental petition.

Having found these facts, the court concluded revocation of supervised release was mandated by 18 U.S.C. §§ 3583(g)(1) and (3) due to Martin's possession of controlled substances and failure to comply with drug testing. It calculated Martin's Guidelines range as 21 to 24 months. Nevertheless, the court only sentenced Martin to two concurrent sentences of 12-months imprisonment "to hold [Martin] accountable for [his] violations, to protect the community, and to promote specific and general deterrence."

Before the hearing ended, the government asked the court to clarify the conflicting statements concerning its reliance on the alleged violation of Special Condition 9. The court expressly stated it had not considered that violation in determining the sentence. At no point in the hearing did Martin's counsel object to anything.

A week after the hearing, the district court entered a written order. In that order, the court acknowledged it was "error" to have included some of the allegations in its findings of fact at the hearing. The court labeled as error its finding that Martin told authorities he was distributing heroin, its findings that Martin had failed to provide financial information and monthly reports and statements, and its finding that Martin had failed to appear for an appointment with the probation office. Surprisingly, the court also considered it error to have found that Martin had gone to Illinois, a fact to which he had stipulated. The court did not seek to retract any other findings. Having "clarif[ied] the record," the court imposed the same concurrent 12-month sentences "to hold [Martin] accountable for his violations and protect the community."

Martin now appeals his sentence, arguing it was based on erroneous facts. Because he did not object to the district court's actions below, we review for plain error. *See United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017). Under this deferential standard of review, the burden is on the defendant to "show that (1) there was error, (2) it was plain rather than subject to reasonable dispute, (3) it affected his substantial rights,

and (4) the court should exercise its discretion to correct the error because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *United States v. Seals*, 813 F.3d 1038, 1045 (7th Cir. 2016)).

The district court's finding of facts without evidence or stipulation was error. It was also plain. The issue, however, is whether those erroneous findings affected Martin's substantial rights.

To show an error affected his substantial rights (here, the right to be sentenced based on accurate facts), Martin must demonstrate the error was "not only 'palpably wrong,' but also likely to 'have resulted in a different sentence.'" *United States v. Corona-Gonzalez*, 628 F.3d 336, 341 (7th Cir. 2010) (quoting *United States v. Flores-Sandoval*, 94 F.3d 346, 351 (7th Cir. 1996)). Martin does not carry his burden on that point.

"Context plays a crucial role in evaluating the degree of influence that an unsupported fact has had on a district court's sentencing decision." *Id.* at 342. Here, the context makes it unlikely the erroneous findings affected Martin's sentence. Martin stipulated to committing serious violations of his supervised-release conditions: leaving the jurisdiction without permission, possessing and using drugs on multiple occasions, and associating with drug users and sellers. In light of these admitted violations, it is unlikely the court's findings of Martin's less serious violations of his administrative conditions (e.g., failing to notify the probation office when he moved) or his violations from right after his release (e.g., using alcohol on November 22, 2015) contributed to the court's decision to impose 12-month sentences.

That said, three of the non-stipulated findings present more serious conduct: Martin failed to submit to drug testing, Martin was convicted of a crime in May 2017, and Martin told police he had been distributing drugs. However, again considering these findings in context, none of them compels reversal.

First, the district court's finding that Martin failed to submit to drug testing was supported by the stipulations. Martin stipulated to being absent from the jurisdiction without the permission of either the court or the probation office. As the government pointed out at the hearing—and as Martin's counsel acknowledged—Martin's absence necessarily implied he was not complying with his administrative conditions. If Martin had absconded, it is entirely reasonable to infer he was also not submitting to drug testing. Accordingly, the finding that he was not submitting to drug testing was not plainly erroneous, and certainly did not affect Martin's substantial rights.

Neither did the court's finding that Martin was convicted of drug possession in May 2017. Martin had admitted to committing criminal acts, so finding he was convicted for those acts does not amount to prejudice.

Finally, the court's finding that Martin told police he had been distributing drugs likely did not affect Martin's sentence because, if it had, the district court would have calculated a different Guidelines range. If the court found Martin was distributing drugs, that finding would have rendered his conduct a Grade A violation and resulted in a Guidelines range of 33 to 41 months, which would have been reduced by statute to a 24-month maximum. *See* 18 U.S.C. § 3583(e)(3). But instead of calculating the range this way, the court calculated the range as if Martin's most serious conduct was a Grade B violation. Consequently, it is unlikely the court considered Martin's statement to the police in crafting the sentence.[1]

The district court tangled what should have been a very straightforward sentencing. When the only facts before a court are those to which the parties have stipulated, a district court's findings of fact should reflect those stipulations, not the allegations. But Martin did not object to these findings below and has not shown how, given the seriousness of the conduct to which he did stipulate, they prejudiced him. Martin has failed to convince us that remanding the case will be anything but an exercise in futility. *Cf. United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009) (calling it a "pointless step" to remand "to the district court when we are convinced that the sentence the judge imposes will be identical to the one we remanded"). Therefore, we AFFIRM.

---

[1] Additionally, this is one of the facts the district court expressly disclaimed considering in its written order. Martin argues the district court's written correction is without effect due to the general rule that "[w]hat the judge says in sentencing a defendant takes precedence over the written judgment." *See United States v. Cephus*, 684 F.3d 703, 709 (7th Cir. 2012). As we conclude Martin is not entitled to a resentencing irrespective of the efficacy of the written order, we need not address that issue further.